[Cite as *Lake Cty. Dept. of Job & Family Servs. v. Bando*, 2025-Ohio-4632.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## LAKE COUNTY

| | |
|---|---|
| LAKE COUNTY DEPARTMENT OF JOB AND FAMILY SERVICES: CHILD SUPPORT ENFORCEMENT DIVISION, <br>        Plaintiff, <br><br> ASHLEY L. CRAIG <br><br>        Plaintiff-Appellant, <br><br> - vs - <br><br> MICHAEL R. BANDO, <br><br>        Defendant-Appellee. | **CASE NO. 2025-L-022** <br><br> Civil Appeal from the Court of Common Pleas, Juvenile Division <br><br> Trial Court No. 2017 SE 01151 |

---

## OPINION AND JUDGMENT ENTRY

Decided: October 6, 2025
Judgment: Affirmed

---

*Ashley L. Craig*, pro se, 38492 Oakhill Lane, Apt. No. 102, Willoughby, OH 44094 (Plaintiff-Appellant).

*Michael R. Bando*, pro se, 3802 Peck Leach Road, West Farmington, OH 44491 (Defendant-Appellee).

EUGENE A. LUCCI, J.

{¶1} Appellant, Ashley L. Craig ("Mother"), appeals the judgment entering certain parenting orders relevant to the minor children of Mother and appellee, Michael R. Bando ("Father"), and denying the parties' motions to show cause for contempt. We affirm.

{¶2} The parties are the parents of two minor children born in 2011 and 2013. In 2017, the Lake County Department of Job and Family Services: Child Support

Enforcement Division, filed a complaint in the trial court to recognize an administrative child support order. The trial court issued a judgment recognizing the administrative order, and, thereafter, the parties engaged in proceedings regarding child support. The parties did not request the trial court to issue orders allocating other parental rights and responsibilities until 2023, when Father filed a motion for emergency temporary custody of the children.

{¶3} The trial court denied Father's motion on an ex parte basis and set the matter for further hearings. Thereafter, the trial court entered interim parenting orders. Each party filed motions for contempt with respect to the other's adherence to the interim orders.

{¶4} On October 28, 2024, all pending matters were tried before a magistrate. On January 29, 2025, the magistrate issued a decision. The magistrate determined that Mother should be named residential parent and legal custodian of the children; that Father and the children should engage in reunification counseling; that, after completion of eight sessions of reunification counseling, Father should have parenting time with the children for at least four hours one day per week; and that Mother should be assessed the filing fees on the motions associated with fee waiver affidavits that she had filed. The magistrate further concluded the motions for contempt should be denied.

{¶5} On January 30, 2025, the trial court issued a judgment entry adopting the magistrate's decision, issuing the orders recommended by the magistrate, and denying the parties' contempt motions. [1]

---

1. At certain points in the magistrate's decision and in the trial court's judgment entry adopting the magistrate's decision, a motion to show cause for contempt filed on September 23, 2024, is incorrectly referenced as filed on September 24, 2024. This apparent clerical error has no bearing on the substance of the trial court's judgment.

Case No. 2025-L-022

{¶6}    Mother appeals from the trial court's January 30, 2025 entry. Mother does not specifically identify "assignments of error" within her appellant's brief. Nonetheless, within the "argument" portion of her brief, Mother argues five errors as follow:

[1.] "The Trial Court Erred" in Denying Appellant Ashley Craig's motion to terminate Michael Bando's visits due to his unstable mental behaviors that the children have to witness during visits.

[2.] The Trial Court erred in making Ashley Craig responsible for paying for filing fees.

[3.] The Trial Court Erred in allowing Michael Bando to scream and yell through[o]ut the trial, cursing at Ashley Craig with no contempt charge. Not allowing Ashley Craig to express her feelings on visits and who can be on the visits. Very briefly noted on page 4 about the known felon.

[4.] The Trial Court Erred in allowing Michael Bando [to] choose a new supervis[o]r.

[5.] The Trial court erred in giving Michael [B]ando more time with the kids with only 8 reunification visits.

{¶7}    Juv.R. 40(D)(3)(b)(iv) provides, "Except for a claim of plain error, a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Juv.R. 40(D)(3)(a)(ii), unless the party has objected to that finding or conclusion as required by Juv.R. 40(D)(3)(b)."

{¶8}    Here, Mother did not file any objections to the magistrate's decision in the trial court. Accordingly, she has forfeited all argument, except for claims of plain error, on appeal.

{¶9}    "In appeals of civil cases, the plain error doctrine is not favored and may be applied only in the extremely rare case involving exceptional circumstances where error,

to which no objection was made at the trial court, seriously affects the basic fairness, integrity, or public reputation of the judicial process, thereby challenging the legitimacy of the underlying judicial process itself." *Goldfuss v. Davidson*, 1997-Ohio-401, syllabus.

{¶10}   Mother has not specifically advanced a plain error argument on appeal, and we discern no plain error within the errors identified in Mother's brief.

{¶11}   Accordingly, Mother's apparent assignments of error lack merit.

{¶12}   The judgment is affirmed.


MATT LYNCH, J.,

JOHN J. EKLUND, J.,

concur.

Case No. 2025-L-022

# JUDGMENT ENTRY

For the reasons stated in the opinion of this court, appellant's assignments of error lack merit. It is the judgment and order of this court that the judgment of the Lake County Court of Common Pleas, Juvenile Division, is affirmed.

Costs to be taxed against appellant.

_____
JUDGE EUGENE A. LUCCI

_____
JUDGE MATT LYNCH,
concurs

_____
JUDGE JOHN J. EKLUND,
concurs

**THIS DOCUMENT CONSTITUTES A FINAL JUDGMENT ENTRY**

A certified copy of this opinion and judgment entry shall constitute the mandate pursuant to Rule 27 of the Ohio Rules of Appellate Procedure.

Case No. 2025-L-022